UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VALENE L FLORES,

        Plaintiffs,

v.

        Case No. 24-cv-0731-bhl

WILDE EAST TOWNE HONDA,

        Defendant.

## SCREENING ORDER

On June 11, 2024, Plaintiff Valene L. Flores, proceeding *pro se*, filed a complaint against Wilde East Towne Honda's Madison, Wisconsin location. (ECF No. 1.) That same day, she filed a second complaint against Wilde East Towne Honda involving the same underlying facts. (*See* Case No. 24-cv-0732-bhl; ECF No. 1.) On July 1, 2024, Flores filed identical motions for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), in both cases. (ECF No. 3; Case No. 24-cv-0732-bhl ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Flores reports that she is unemployed, unmarried, and is responsible for supporting one of her children. (ECF No. 3 at 1.) She states that she receives $1,482 per month in disability payments. (*Id.* at 2.) She owns a 2020 vehicle (the make and model she lists as "confidential"), but she indicates it is worth approximately $18,500. (*Id.* at 3.) Against this income and assets, Flores reports monthly expenses for her car payment ($1,047), credit card payments ($550), car insurance ($410), renter's insurance ($40), miscellaneous bills ($500), for a total of $2,547 in expenses. (*Id.* at 2–3.) She also reports a variable amount of support required per month for her minor child whose age is confidential. (*Id.* at 1.) Flores's undisclosed amount of money required for her minor child coupled with her property assets raises questions regarding her indigency.

Nevertheless, based on her sworn submissions, the Court finds she has sufficiently established her indigency to warrant a fee waiver.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT[1]

Flores is a citizen of Albany, New York and Wilde East Towne Honda is a car dealership based in Madison, Wisconsin. (ECF No. 1 at 1–2.) Flores patronized Wilde East Towne Honda twice: once in February 2013, and another time in July 2023. (*Id.* at 2.) She complains that in

---

[1] The Factual Background is derived from Lewis's complaint, ECF No. 1, the allegations in which are presumed true for screening purposes. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

2013, Wilde East Towne Honda may have stolen her 2007 Toyota Rav-4 in a "shady deal." (*Id.*) Flores also states that Wilde East Towne Honda may have vandalized another vehicle she had in July of 2023, by "theft of the fuse box cover lid." (*Id.*) In particular, Flores explains that Wilde East Towne Honda refused to take a vehicle trade-in offer worth approximately $4,000 when she bought a car from them. (*Id.*) She further complains that she is not sure whether the $8,000 credit Wilde East Towne Honda promised ever applied, or if Wilde East Towne Honda "stole the vehicle" from her. (*Id.*)

Flores believes that Wilde East Towne Honda took advantage of her because she "was a single/Caucasian/female/employee/physically disabled/acquaintance and/or dating violence." (*Id.*) She further posits that Wilde East Towne Honda's treatment of her could have been because of her lawful source of income or because, in 2023, she was in an "address protection program for DV victims." (*Id.*) She also believes that Wilde East Towne Honda did it for its financial gain, but admits that it was "maybe [because] [Wilde East Towne Honda] could not get the part [for her car] because [she] had a hard time getting the part." (*Id.*)

Flores states that she is suing under state law for $75,000 in punitive damages to replace "these 2 vehicles." (*Id.* at 4.) She also seeks an injunction against Wilde East Towne Honda and its employees involved in the two incidents. (*Id.*)

## ANALYSIS

Plaintiffs may bring civil actions for a deprivation of rights under 42 U.S.C. § 1983 if they satisfy two essential elements. First, the challenged conduct must have been committed by a person acting under color of state law, and second, the conduct must have been deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution." *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). People act under color of state law when they possess power "by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

In this case, Flores alleges that she was treated unfairly by the car dealership. She offers a series of speculative reasons that she was mistreated by Wilde East Towne Honda, suggesting, among other things, that it may have been on account of her marital status, sex, or being a person with a disability. But because Flores does not allege any facts suggesting Wilde East Towne Honda is a state actor, she has not stated a civil rights claim under Section 1983. *See Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991).

The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend her complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022). Accordingly, if Flores believes she can cure the deficiencies identified in this decision, she may file an amended complaint by August 22, 2024. If Flores cannot cure the deficiencies in the original complaint, she need not take any further action. Flores is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received, the Court will dismiss this case based on Flores's failures to state a claim in her original complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Flores's motion to proceed IFP, ECF No. 3, is **GRANTED.**

**IT IS FURTHER ORDERED** that if Flores wishes to proceed with this lawsuit, she must file an amended complaint. An amended complaint must be filed with the Court on or before **August 30, 2024**. If the Court does not receive Flores's amended complaint by that date, the case will be dismissed for Flores's failure to state a claim in her initial complaint as outlined in this order.

Dated at Milwaukee, Wisconsin on August 1, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge